UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
ALKI PARTNERS, L.P. and ALKI FUND, LTD.,            09 Civ. 8125 (DAB)

               Plaintiffs,              :

                                     :

   -against-                                :

VATAS HOLDING GMBH, LARS WINDHORST,
PETER A. OGRISEK, SAPINDA INTERNATIONAL         :
LTD., ROBERT B. HERSOV, CREDIT SUISSE
GROUP AG, and FREDERIC RUIZ,                     :

               Defendants.              :
-------------------------------------------------------------------

### DECLARATION OF MARTIN H. KAPLAN IN OPPOSITION TO THE MOTIONS TO DISMISS BY DEFENDANTS (i) LARS WINDHORST, PETER A. OGRISEK, ROBERT B. HERSOV, SAPINDA INTERNATIONAL LTD., (ii) FREDERIC RUIZ, AND (iii) CREDIT SUISSE GROUP AG

I, Martin H. Kaplan, declare under the penalties of perjury:

1.      I am an attorney at law licensed to practice law before the courts in the State of New York and the United States District Court, Southern District of New York. I am the Managing Member of the law firm Gusrae, Kaplan, Bruno & Nusbaum PLLC, attorneys for plaintiffs Alki Partners L.P. ("Alki Partners") and Alki Fund Ltd. ("Alki Fund"). I submit this declaration in opposition to the motions to dismiss by defendants (i) Lars Windhorst, Peter A. Ogrisek, Robert B. Hersov, Sapinda International Ltd. (DE # 21, 23, 25); (ii) Frederic Ruiz (DE # 28-30); and (iii) Credit Suisse Group AG (DE # 26-27).

2.      As set forth in the First Amended Complaint ("FAC"), plaintiffs are hedge funds engaged in the purchase and sale of securities (FAC ¶ 28). Alki Partners is a limited partnership organized under the laws of California, whereas Alki Fund is a Cayman Island exempted

company (FAC ¶¶ 9-10).  Both Alki plaintiffs maintained their principal offices in State of

Washington prior to September 2008, and since then in California (*id.*).  Alki Partners consisted

of U.S. investors.

3.      Investment decisions for plaintiffs were made by a separate entity not a plaintiff

here, Alki Capital Management, LLC ("Alki Management"), which was run by Scott Wilfong

("Wilfong") (FAC ¶ 29).  Annexed as **Exhibit "A"** hereto are excerpts from the Alki

Management Form ADV, dated January 30, 2008, as filed with, and in this version accessed

from the website of, the United States Securities and Exchange Commission ("SEC").  That

filing, signed by Scott Wilfong, indicates that Alki Management's principal office and place of

business was in Washington State (Item 1(F)(1)), and that it is a limited liability company

organized under the laws of California (Item 3).

4.      Annexed as **Exhibit "B"** hereto is a true and complete copy of the partial

judgment of the Berlin, Germany District Court against Sapinda International Ltd., dated

February 17, 2010 (*In the Matter Norddeutsche Landesbank Girozentrale v. Wienberg/Sapinda*

*International Ltd.*, No. 99 O 92/08), in its certified English language translation and original

German.  This document was obtained through an application to the court in Germany, which

application in relevant part was granted, and received by our law firm subsequent to the filing of

the FAC.

5.      Annexed as **Exhibit "C"** hereto is a true and complete copy of the decision of the

Berlin, Germany District Court in the criminal case against Lars Windhurst dated April 29, 2010

(case number (526) 4 Wi Js 18/09 Kls, (1/09)), in its certified English language translation and

original German.  This document too was obtained through an application to the court in

Germany, which application in relevant part was granted, and received by our law firm subsequent to the filing of the FAC.

6.      Annexed as **Exhibit "D"** hereto is a true and complete copy of the Schedule 13G dated November 9, 2006 executed and filed with the SEC by Peter Ogrisek on behalf of Vatas Holding GmbH ("Vatas") relating to its beneficial ownership of five percent or more of RemoteMDX, Inc. ("RMDX").[1]

7.      Annexed as **Exhibit "E"** hereto is a true and complete copy of the Schedule 13G dated June 26, 2006, executed and filed with the SEC by Peter Ogrisek on behalf of Vatas relating to its beneficial ownership of five percent or more of RMDX.

8.      Annexed as **Exhibit "F"** hereto is a true and complete copy of the Schedule 13G/A dated July 5, 2007, executed and filed with the SEC by Lars Windhorst on behalf of Vatas relating to its beneficial ownership of five percent or more of RMDX.

9.      Annexed as **Exhibit "G"** hereto is a true and complete copy of the Schedule 13D dated December 20, 2007, executed and filed with the SEC by Peter Ogrisek on behalf of Vatas relating to its beneficial ownership in RMDX.

10.     Finally, to the extent that the existing pleading might be found deficient, plaintiffs should be allowed leave to replead.  A fraud of this nature is complex and its details challenging to decipher.  In this case, although we believe the pleading adequate as is, our investigation has been proceeding, and we continue to explore various avenues for information.  This task takes much time and effort, and is made particularly difficult due to the international scope of the fraud, involving other languages, systems and laws, and believed to touch upon, among other

---

[1]      Plaintiffs suspect that the SEC filings made by the filing defendants are false as not including all of Vatas' purchases of RMDX shares.

3

countries, Germany, Ireland, Switzerland, England, Bahamas, British Virgin Islands and Saudi

Arabia.  Further, foreign laws on disclosure appear not to have the transparency we have in the

United States, which has required our application to foreign courts for documents, only some of

which we have thus far been successful in obtaining and/or uncovering.  Since the filing of the

FAC, further details of the fraud have already been discovered (*see, e.g.*, Exhibits B & C hereto).

With passage of time and additional investigation, yet more details of the fraud should be

revealed.

**Executed** this May 7, 2010

By: _____

Martin H. Kaplan (MK 6258)

4