James A. Beha II
ALLEGAERT BERGER & VOGEL LLP
111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550

Attorneys for Defendants Lars Windhorst,
Peter A. Ogrisek, Robert B. Hersov and
Sapinda International Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ALKI PARTNERS, L.P. and ALKI FUND, LTD.,  :

                Plaintiffs,  :

      -against-  :    09 CIV 8125 (DAB)

VATAS HOLDING GMBH, LARS  :    **DECLARATION OF**
WINDHORST, PETER A. OGRISEK, SAPINDA  :    **JAMES A. BEHA II**
INTERNATIONAL LTD., ROBERT B. HERSOV,  :
CREDIT SUISSE GROUP AG, and FREDERIC  :
RUIZ,  :

                Defendants.  :
------------------------------------------------------------X

       James A. Beha II, a member of the bar of this Court, declares as follows:

       1.    I am a partner of Allegaert Berger & Vogel LLP, counsel to defendants Lars Windhorst, Peter A. Ogrisek, Robert B. Hersov and Sapinda International Ltd. (together, the "Moving Defendants"). I make this declaration in support of the Moving Defendants' motion to dismiss plaintiffs' First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(6) and 9(b) to provide certain information that is in the public record with respect to the stock price of RMDX, the shares of which are one of the subjects of this litigation and to supply a clarification about one of the documents submitted by Mr. Kaplan.

2. Information about the share price over time of RMDX can be obtained on the NASDAQ website. RMDX apparently changed its name to SecureAlert, Inc., on February 22, 2010, and the information is provided under the symbol SCRA at http://www.nasdaq.com/aspx/dynamic_charting.aspx?selected=SCRA&symbol=SCRA. The price graphs can be manually adjusted to cover various date periods, and by clicking on specific dates on the graph one can obtain the High, Low and Close prices for that date.

3. Attached hereto as Exhibit 1 is a true and correct copy of a chart generated using the NASDAQ charting tools showing the daily movement of RMDX/SCRA stock price for the period October 30, 2007, to September 30, 2008; I believe it reflects the daily closing price.

4. Attached hereto as Exhibit 2 is a true and correct copy of a chart generated using the NASDAQ charting tools for the period May 30, 2008, to September 30, 2008. Because this is a shorter period, the NASDAQ program shows a bar for the High/Low/Close on specific dates rather than a simple line based on closing price.

5. It is apparent that RMDX share price dropped very substantially (in relative terms) during the middle of February. I sought prices for specific dates that could be related to the time period covered by, or surrounding the June 10, 2008, Final Contract between Plaintiffs and Vatas. By clicking on a date on the interactive graphs at the website, one can obtain price information for that date (you can also go on the website to a location that lists daily prices, http://www.nasdaq.com/aspx/historical_quotes.aspx?symbol=SCRA&selected=SCRA. Using these tools I obtained the following closing prices:

| Date | Price |
|---|---|
| 06/06/08 | $1.690 |
| 06/09/08 | $1.588 |
| 07/01/08 | $1.557 |
| 07/07/08 | $1.506 |
| 09/02/08 | $1.301 |
| 09/05/08 | $1.322 |

7. I want to clarify one point about the materials submitted by Mr. Kaplan that were obtained from German courts. In general Defendants are treating the statements about these materials as if incorporated into the Complaint, and hence taken as alleged. However, I want to clarify the nature of the materials submitted by Mr. Kaplan with respect to the criminal proceeding involving Mr. Windhorst. I do not doubt that what Mr. Kaplan has submitted is what he received from the Court, but I want to make clear that only the first page of the enclosure with the Judge's letter is actually a decision of the Court. Everything which follows (and hence all of the allegations) is a copy of a portion of the criminal complaint, not part of any judicial document per se. It would appear that, perhaps for privacy reasons, the Court has omitted the first page of that document, which if included would have made completely clear that the text which follows is from the complaint and not part of the decision of the Court. I have received a copy of that page from counsel in Germany, and I attach it as Exhibit 3 hereto, having redacted the material that relates to another defendant. I am informed that the heading "Anklageschrift" would be translated as "Indictment" and "werden angeklagt" would be "stand accused of," thus introducing the charges of the prosecutor which appear on the pages following.

Pursuant to 28 U. S. C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

New York, New York
June 3, 2010

_____
James A. Beha II