**MANDATE**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

N.Y.S.D. Case # 09-cv-8125(DAB)

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of March, two thousand twelve.

PRESENT:
    DENNIS JACOBS,
        *Chief Judge*,
    DENNY CHIN,
    SUSAN L. CARNEY,
        *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 11, 2012

- - - - - - - - - - - - - - - - - - - - - -X
**Alki Partners, L.P., Alki Fund, Ltd.,**
    *Plaintiffs-Appellants*,

    -v.-                                  11-1071-cv

**Lars Windhorst, Peter A. Ogrisek, Robert B. Hersov, Credit Suisse Group AG, Frederick Ruiz,**
    *Defendants-Appellees*,
- - - - - - - - - - - - - - - - - - - - - -X

FOR PLAINTIFFS-APPELLANTS:    Brian D. Graifman, Gusrae, Kaplan, Bruno & Nusbaum PLLC, New York, NY.

1

| | |
|---|---|
| **FOR DEFENDANTS-APPELLEES WINDHORST, OGRISEK, AND HERSOV:** | James A. Beha, II (Christopher Allegaert and Howard Chen, <u>on the brief</u>), Allegaert Berger & Vogel LLP, New York, NY. |
| **FOR DEFENDANTS-APPELLEES CREDIT SUISSE GROUP AG AND FREDERICK RUIZ** | Michael T. Sullivan, Sullivan & Worcester LLP (Stuart Alan Krause, Zeichner Ellman & Krause LLP, <u>on the brief</u>), New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Alki Partners, L.P., and Alki Fund, Ltd., appeal the grant of the defendants' motions to dismiss the complaint. We assume the parties' familiarity with the underlying factual allegations, the procedural history of the case, and the issues on appeal.

Like the district court, we assume the truth of the well-pleaded factual allegations in the First Amended

1   Complaint, as well as the allegations that Plaintiffs argue
2   they would include in a putative second amended complaint.
3   **[1]** Plaintiffs argue on appeal that the district court
4   erred in analyzing their misrepresentation claim as a
5   market-manipulation claim.  But it is clear from the face of
6   the complaint that Plaintiffs' claim for relief was for
7   market manipulation -- not for misrepresentation, as they
8   now urge.  Because a plaintiff cannot amend the complaint
9   through an appellate brief, <u>Cody v. Harris</u>, 409 F.3d 853,
10  859 (7th Cir. 2005) (quoting <u>Kennedy v. Venrock Assocs.</u>, 348
11  F.3d 584, 594 (7th Cir. 2003)); <u>Daury v. Smith</u>, 842 F.2d 9,
12  15 (1st Cir. 1988), Plaintiffs cannot assert a different
13  claim on appeal by arguing it in their appellate brief.
14  **[2]** Even if Plaintiffs had asserted a claim for
15  misrepresentation, their allegations would still fail to
16  state an actionable claim for relief.  The requisite
17  elements of a securities fraud claim involving statements or
18  omissions are: (1) a material misrepresentation or omission,
19  (2) scienter, (3) a connection with the purchase or sale of
20  a security, (4) reliance, (5) economic loss, and (6) loss
21  causation.  <u>Dura Pharm., Inc. v. Broudo</u>, 544 U.S. 336, 341-
22  42 (2005).

Plaintiffs have not alleged any fact to show that Hersov made any statement to them that was materially false or misleading. The First Amended Complaint has no factual allegation at all regarding statements made by Hersov. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (holding that a complaint must plead "enough facts" to "raise a right to relief above the speculative level" and state a "plausible" claim); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (holding that "'naked assertion[s]' devoid of 'further factual enhancement,'" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim for relief that is plausible).

**[3]** Similarly, the First Amended Complaint is devoid of any factual allegation regarding any allegedly false statement made by Ogrisek. The only potentially relevant allegation about him was that he was one of the managing directors of Vatas; but that is insufficient to make him personally liable absent a link between him and the fraudulent misstatement or omission. See Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993). Plaintiffs' new allegations against Ogrisek -- that he signed two Schedule 13G reports and one Schedule 13D report relating to RMDX

stock held by Vatas -- are also insufficient because Plaintiffs have not alleged facts showing that those reports were materially false and have not established the "requisite proximate relation[ship]" between those statements and Plaintiffs' purchases of RMDX stock. See Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc., 552 U.S. 148, 158 (2008).

**[4]** Likewise, Plaintiffs have failed to allege facts sufficient to show that Windhorst made any materially false statement. Plaintiffs allege that Windhorst's assurance that Vatas would buy the shares from Plaintiffs was false because Vatas did not ultimately buy all of Plaintiffs' shares. But the failure to perform a promise "does not constitute fraud if the promise was made with a good faith expectation that it would be carried out." Luce v. Edelstein, 802 F.2d 49, 56 (2d Cir. 1986); accord Mills, 12 F.3d at 1176. Plaintiffs have not alleged facts tending to demonstrate that Windhorst's statement was made in bad faith -- nor could they, because Vatas initially purchased the shares as per the agreement. See Elliott Assocs., L.P. v. Hayes, 141 F. Supp. 2d 344, 355-56 (S.D.N.Y. 2000) (reasoning that the defendant's initial performance is

5

"compelling evidence . . . [that] negat[es] any inference of fraudulent intent"), aff'd 26 F. App'x 83 (2d Cir. 2002) (summary order).

The conclusory allegation that Vatas was "undercapitalized" is not entitled to the assumption of truth, Twombly, 550 U.S. at 555, and Plaintiffs have alleged no facts supporting the conclusion that Vatas was undercapitalized (other than its eventual bankruptcy). More importantly, Plaintiffs have not alleged any facts that Windhorst knew that Vatas was undercapitalized.

Plaintiffs allege that Windhorst falsely stated that Vatas could not buy the RMDX shares on the open market. But no facts are alleged to establish falsehood. In any event, the alleged statement was not material. Plaintiffs entered into this arrangement because Vatas promised to pay Plaintiffs $0.05 to $0.10 profit for every share that Plaintiffs purchased. It did not matter whether Vatas's charter precluded it from making its own open-market purchases of the shares. See Mills, 12 F.3d at 1175 (holding that a "statement cannot be fraudulent if it did not affect an investment decision of the plaintiff").

Plaintiffs allege that they were not informed that other investors were also involved in the alleged scheme to manipulate the market. This allegation does not state a claim. Plaintiffs participated in the scheme because of the per-share profit they were guaranteed under the agreement with Vatas. That other investors were allegedly also making that same profit (or more, or less) was immaterial.

**[5]** Plaintiffs have not stated a fraud claim against Credit Suisse and its employee, Ruiz. Plaintiffs allege that they were not informed that Vatas's account had been frozen; but they have not established that Credit Suisse was under any obligation to inform them of a client's account status.

Even if Plaintiffs sufficiently alleged materially false statements by Credit Suisse and Ruiz, the claim would still fail for lack of scienter: "intent to deceive, manipulate, or defraud." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 319 (2007) (quotation marks omitted). To plead scienter, a plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind" -- i.e., fraudulent intent. 15 U.S.C. § 78u-4(b)(2)(A). To plead scienter, a plaintiff must allege facts that "show

7

either (1) that defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness." ECA, Local 134 IBEW Joint Pension Trust v. JP Morgan Chase Co., 553 F.3d 187, 198 (2d Cir. 2009). Plaintiffs argue that Credit Suisse and Ruiz were motivated to earn the fees from the transactions and maintain a good relationship with large clients, but neither a desire to earn transactional fees[1] nor a desire to cultivate business relations[2] is sufficient to establish scienter. Since Plaintiffs have also not alleged circumstances strongly evidencing conscious misbehavior or recklessness, the claim against Credit Suisse and Ruiz fails.

**[6]** The district court did not err in denying Plaintiffs leave to amend their complaint. The district court considered the "new" factual allegations Plaintiffs might

---

[1] Friedman v. Ariz. World Nurseries Ltd. P'Ship, 730 F. Supp. 521, 532 (S.D.N.Y. 1990), aff'd 927 F.2d 594 (2d Cir. 1991) (table); accord In re College Bound Consol. Litig., No. 93 Civ. 2348, 1995 WL 450486, at *12 (S.D.N.Y. July 31, 1995).

[2] In re MRU Holdings Sec. Litig., 769 F. Supp. 2d 500, 515 (S.D.N.Y. 2011); In re JP Morgan Chase Sec. Litig., 363 F. Supp. 2d 595, 621 (S.D.N.Y. 2005) (collecting cases); accord In re Merrill Lynch Auction Rate Sec. Litig., No. 09 MD 2030, 2011 WL 1330847, at *9 (S.D.N.Y. Mar. 30, 2011).

include in a second amended complaint and concluded that those allegations were still insufficient.  We agree that Plaintiffs' amendment would have been futile.  See <u>Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals</u>, 282 F.3d 83, 88 (2d Cir. 2002) (holding that amendment is futile if the proposed additional facts do not state a claim upon which relief can be granted).

We have considered all of Plaintiffs' other arguments and find them to be without merit.  Accordingly, the judgment of the district court is AFFIRMED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
```

*[Signature: Catherine O'Hagan Wolfe, with Second Circuit seal]*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit
*[Signature]*